# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 2:09-cr-00523-KJD-LRL |
| v. ) | |
| ) | **O R D E R** |
| DAVID KLUCKA, ) | |
| ) | |
| Defendant. ) | |

Before the court are defendant's Motion for Full Disclosure (#23, filed December 21, 2009) and Motion to Submit a Copy of All Surveillance Video Into/As Evidence (#22, filed December 21, 2009). The government filed Oppositions to the motions (##27 and 28, respectively). Also before the court is defendant's Motion to Require The Government to Present Surveillance Video for Viewing in Open Court At Earliest Possible Date (#66, filed August 11, 2010), defendant's Addendum (#69) to Motion (#66), and the government's Opposition (#73) to the motion (#66). The court has reviewed the motions, addendum, and the government's oppositions. No replies were filed.

Through his motion (#23), defendant makes four requests. He requests: (1) "all and every piece of evidence to be used in above said case"; (2) "a list of all witness and all questions to be asked of said witness"; (3) "all surveillance video that victim David Klucka is in on the dates of November 23, 24, 25 of 2009," including but not limited to the outside of the Lloyd D. George Courthouse, the front door area of the courthouse and the holding cell of the Courthouse; and (4) "video surveillance from the intake facility of North Las Vegas Detention on November 23, 2009. Around 4 p.m. that shows the intake of victim David Klucka from outside of the jail to all the way through change out."[1] *Id.*

---

[1] Defendant's Motion to Submit a Copy of All Surveillance Video Into/As Evidence (#22) restates the third and fourth requests from Motion (#23). Defendant's Motion to Require The Government to Present Surveillance Video for Viewing in Open Court At Earliest Possible Date (#66) demands production of surveillance from November 23, 2009, which depicts the incident which forms the basis of the information in this matter.

With regard to defendant's first request for all discovery, in its opposition the government represented that defendant was already in possession of all the evidence in this case. Opp'n (#28). At that time, the government explained that it still awaited a working copy of one surveillance video from the United States Marshal's Service, which contains footage of an alleged assault on November 23, 2009. *Id.* That alleged assault forms the basis of the underlying information in this matter. The government represented that upon receipt of the working video, a copy would be delivered to defendant. *Id.* In response to the defendant's Motion (#66) and Addendum (#67), the government represents that the November 23, 2009, surveillance video was produced to defendant's former counsel on January 13, 2010. Opp'n (#73) at 1; Exh. A to Opp'n (#73). The government further represents that, as of the date of filing its opposition (#73) defendant and defendant's stand-by counsel, James Oronoz, would be provided an additional copy of the video. Insofar as the government has produced all discovery, defendant's request is moot.

Defendant's second request for a list of witnesses and questions the government intends to ask the witnesses has no basis in law. Neither the Local Rules, the Federal Rules of Criminal Procedure, nor the Federal Rules of Evidence require the government to supply such information. As noted by the government in its opposition, a witness list will be provided with its pretrial brief. The request is denied.

Defendant's third and fourth requests for surveillance videos also must be denied. In its Opposition (#28), the government represented it would produce video surveillance of the assault that allegedly occurred on November 23, 2009, but it does not possess any other video responsive to defendant's requests. As explained above, the November 23, 2009, assault footage was provided to defendant's former counsel on January 13, 2010, and provided again to defendant and defendant's standby counsel on the date that the opposition (#73) was filed. *See* Opp'n (#73); Exh. A to Opp'n (#73). The government is not in possession of any of the other footage that defendant requests and therefore cannot produce it. Opp'n (#28). Moreover, as the government points out, none of the other requested video footage is material to preparing the defense, nor is it evidence that the government

intends to introduce at trial, nor was it obtained from the defendant himself.  The video footage is therefore not discoverable from the government.  *See* Fed. R. Crim. Proc. 16(a)(1)(E).  The requests are denied.

Defendant's Motion to Submit a Copy of All Surveillance Video Into/As Evidence (#22), filed the same day as Motion (#23), restates the third and fourth requests for video footage in Motion (#23).  It will therefore be denied as moot.  Likewise, defendant's Motion to Require The Government to Present Surveillance Video for Viewing in Open Court At Earliest Possible Date (#66), defendant's Addendum (#69) to Motion (#66), which request production of video surveillance footage of the underlying November 23, 2009, incident is moot.

Accordingly, and for good cause shown,

IT IS ORDERED that defendant's Motion for Full Disclosure (#23) is DENIED.

IT IS FURTHER ORDERED that defendant's Motion to Submit a Copy of All Surveillance Video Into/As Evidence (#22) is denied as moot.

IT IS FURTHER ORDERED that defendant's Motion to Require The Government to Present Surveillance Video for Viewing in Open Court At Earliest Possible Date (#66) is denied as moot.

DATED this 23rd day of August, 2010.

_____
**LAWRENCE R. LEAVITT**
**UNITED STATES MAGISTRATE JUDGE**